IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>　　　　Plaintiff,<br>　　v.<br><br>Heart of CarDon, LLC,<br><br>　　　　Defendant. | )<br>)<br>)<br>) Civil Action Number 1:20-cv-998<br>)<br>) C O M P L A I N T<br>)<br>) Jury Trial Demanded<br>) |

## Nature of the Action

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Marsha Castellano. As alleged with greater particularity in paragraphs 1 through 27 below, Castellano worked as a Certified Nurse Aide at Rawlins House for Heart of CarDon, LLC, when she fell while working and suffered a shoulder and neck injury. Because of her injury, Castellano suffered loss of feeling in, and function of, her left arm. Heart of CarDon refused to provide Castellano a reasonable accommodation of transfer to a vacant position for which she was qualified and instead terminated her employment.

## Jurisdiction and Venue

1.　Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of

1

Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Indiana.

## Parties

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Heart of CarDon, LLC, an Indiana limited liability company (the "Employer"), has continuously been doing business in the State of Indiana and the City of Bloomington, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5), (7).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## Administrative Procedures

15. On March 8, 2018 Marsha Castellano filed a charge with the Commission alleging violations of the ADA by Defendant Employer.

16. On August 21, 2019 the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

17. The Commission engaged in communications with Defendant Employer to provide Defendant Employer the opportunity to remedy the discriminatory practices described in the Letter of Determination.

18. The Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

19. On October 1, 2019 the Commission issued to Defendant Employer a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

20. All conditions precedent to the institution of this lawsuit have been fulfilled.

## Statement of Claims

21. Since at least November 20, 2017, Defendant Employer has engaged in unlawful employment practices from its Bloomington, Indiana offices that affect its employees throughout its facilities in Indiana, including

Rawlins House, located in Pendleton, Indiana, in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112.

22. During the relevant time Marsha Castellano was a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Castellano worked as a Certified Nurse Aid at Rawlins House, one of multiple locations throughout Indiana that Defendant Employer provides employees for. Following an on-the-job fall, Castellano had impairments, a torn rotator cuff, disc injuries in her spinal column, and a neck condition, that substantially limited major life activities of lifting and the operation of Castellano's major bodily function, her musculoskeletal system. Castellano's conditions caused her to suffer pain, numbness, tingling, and swelling in her left arm. Castellano's conditions also limited her ability to lift more than ten pounds with her left arm. Castellano was capable of performing the essential functions of at least one vacant position, with or without accommodation, as described below in paragraph 24.

23. Defendant Employer was aware of Castellano's injury and her resulting limitations. Defendant Employer provided reasonable accommodation in the form of light duty work while Castellano's lifting restrictions were considered temporary. Castellano participated in Defendant Employer's worker's compensation program as a result of her injury. On or about November 21, 2017, Castellano informed Defendant Employer that her medical

providers determined she had reached maximum recovery and had what were called permanent restrictions for lifting with her left arm.

24.  Once on notice of Castellano's permanent restrictions, Defendant Employer failed to accommodate Castellano. Castellano requested transfer to a vacant position as a reasonable accommodation. Defendant Employer failed to assist Castellano in finding a vacant position for which Castellano was qualified. Although Castellano's colleagues told her of a vacant receptionist position, Defendant Employer refused to consider her for the vacant position. Defendant Employer informed Castellano that Castellano was not qualified for the vacant receptionist position because the position description identified lifting requirements that would have violated Castellano's lifting restriction. But Castellano could have performed the essential functions of the job, with or without accommodation. For example, Castellano could have used her right arm to lift or unpacked packages to lower their weights below her maximum lifting restriction. Defendant Employer failed to engage in the interactive process with Castellano to explore these or other possibilities, which would have shown that Castellano was qualified for the position. Instead, Defendant Employer enforced its policy of providing an employee who can no longer perform the essential functions of her job a maximum of thirty days to find a

new position, and terminated Castellano when, receiving no assistance from Defendant Employer, she was unable to find another position.

25. The effect of the practices complained of in paragraphs 21-24 above has been to deprive Castellano of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

26. The unlawful employment practices complained of in paragraphs 21-24 above were intentional.

27. The unlawful employment practices complained of in paragraphs 21-24 above were done with malice or with reckless indifference to Castellano's federally protected rights.

## Prayer for Relief

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from failing to provide reassignment to a vacant position as a reasonable accommodation to its qualified employees with disabilities.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Castellano by providing appropriate backpay with prejudgment interest, in amounts to be determined

at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Castellano.

    D.    Order Defendant Employer to make whole Castellano by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 21-24 above, including job search expenses and medical expenses, in amounts to be determined at trial.

    E.    Order Defendant Employer to make whole Castellano by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 21-24 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

    F.    Order Defendant Employer to pay Castellano punitive damages for its malicious and reckless conduct, as described in paragraphs 21-24 above, in amounts to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the Commission its costs of this action.

## Jury Trial Demand

The Commission requests a jury trial on all questions of fact raised by its complaint.

SHARON FAST GUSTAFSON
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M. Street, N.E.
Washington, D.C. 20507


KENNETH L. BIRD
Regional Attorney

NANCY D. EDMONDS
Supervisory Trial Attorney


/s/ Jonathan P. Bryant_____
Jonathan P. Bryant
Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Indianapolis District Office
101 West Ohio Street, Suite 1900
Indianapolis, Indiana 46204
Jonathan.bryant@eeoc.gov
463-999-1154