IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>　　　　Plaintiff,<br>　　v.<br><br>Heart of CarDon, LLC,<br><br>　　　　Defendant. | )<br>)<br>)<br>) Civil Action Number<br>)<br>) 1:20-cv-998-JRS-MJD<br>)<br>)<br>) |

## Consent Decree

The Equal Employment Opportunity Commission filed this action against Heart of CarDon, LLC ("CarDon"), on March 31, 2020, alleging that CarDon violated Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991. The Commission's Complaint alleges that CarDon discriminated against Marsha Castellano, a qualified individual with a disability, by refusing to provide her reasonable accommodation in the form of transfer to a vacant position for which she was qualified to perform the essential functions, with or without accommodations. Each party denies the claims and defenses of the other. The parties have advised the Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

The Commission and CarDon hereby stipulate to the jurisdiction of the Court over the parties and the subject matter of this action.

It is therefore the finding of this Court, based on the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of the ADA will be promoted and

effectuated by the entry of this Decree; and (3) this Decree resolves all the matters in controversy between the parties as provided in Sections 1 through 5 below.

It is therefore ORDERED, ADJUDGED, AND DECREED as follows:

## 1. Injunctive Relief

### 1.1. Disability Discrimination Prohibited

During the term of this Decree, CarDon and its officers, managers, and employees are permanently enjoined from failing to provide a reasonable accommodation of transfer to a vacant position at a facility within one hour's commute to an employee with a disability who is qualified for the vacant position if the employee's disabilities prevent the employee from performing the essential functions of the employee's existing position.

### 1.2. Retaliation Prohibited

During the term of this Decree CarDon and its officers, managers, and employees are enjoined from discriminating against any person: (i) because such person opposes or has opposed any practice based on disability and made unlawful under the ADA; (ii) because such person files or has filed a charge of discrimination alleging an unlawful employment action based on disability; or (iii) because such person participates or has participated in any manner in any investigation, proceeding, or hearing under the ADA.

## 2. Relief for Marsha Castellano

### 2.1. Amount

CarDon shall pay Castellano $115,000. Of this amount, $65,000 shall be back pay, and $50,000 shall be compensatory damages.

### 2.2. Payment

2.2.1. CarDon shall make payment by one or more checks payable to Marsha Castellano mailed via certified mail to the address designated by the Commission, with a copy to the Commission.

2.2.2. CarDon shall mail payment within fourteen calendar days after the later of (1) the entry of this Decree by the Court or (2) the receipt by CarDon of Ms. Castellano's updated IRS Forms W-4 and Indiana WH-4 (for the wage payment) and W-9 (for the compensatory damages).

2.2.3. CarDon shall provide a copy of Castellano's signed certified mail receipt to the Commission as proof of payment.

### 2.3. Taxes

All payments for back pay shall be subject to all legally required withholdings for the employee portion of those withholdings and shall be reported on IRS Form W-2. CarDon shall not deduct from back pay the employer's share of any costs, taxes, or Social Security required to be paid by it. Payments for noneconomic damages shall be reported on an IRS Form 1099 as miscellaneous income and shall not be subject to any deductions by CarDon.

### 2.4.     Reference

If contacted for a reference, CarDon shall provide the dates of Castellano's employment and state that Castellano met expectations during her employment. CarDon shall make no reference to Castellano's injury, workers compensation history, termination, her charge, or her participation in the Commission's investigation, lawsuit, or both. This provision survives the expiration of this Decree.

### 2.5.     Personnel Records and Information

Any references to Castellano's charge and this suit shall be removed from Castellano's personnel records.

## 3. CarDon's Obligations

### 3.1.     Term

The term of this Decree shall be for 18 months following the date of the entry of this Decree.

### 3.2.     Policies and Procedures

3.2.1. In General. CarDon shall adopt and implement policies and procedures, or revise existing policies and procedures, for transferring, as reasonable accommodations, its employees with disabilities to vacant positions for which they are qualified, as provided in Section 3.2. Such policies and procedures shall complement or be incorporated into CarDon's existing policies and procedures, including its Reasonable Accommodation Policy.

3.2.2. The Interactive Process and Reasonable Accommodation. When CarDon learns an employee has a disability that prevents the employee from performing the essential functions of the employee's existing position, CarDon

shall engage in an interactive process with the employee. CarDon shall undertake the interactive process with the goal of identifying a reasonable accommodation. CarDon and any employee engaging in this process may find examples of possible reasonable accommodations and guidance on the interactive process in the EEOC's Enforcement Guidance on Reasonable Accommodation and Undue Hardship under the ADA, which may be found here: https://www.eeoc.gov/laws/guidance/enforcement-guidance-reasonable-accommodation-and-undue-hardship-under-ada.

    3.2.3. Transfer as a Reasonable Accommodation. If no reasonable accommodation is available that would allow the employee to remain in the employee's existing position without causing CarDon an undue hardship, CarDon and the employee shall consider transfer to a vacant position, which the ADA identifies as a reasonable accommodation. Transfer to a vacant position is not reasonable unless the employee is qualified for the position, but if the qualification standards for the vacant position screen out an employee with a disability, CarDon must show that: (i) the standards are job-related for the position in question and consistent with business necessity and (ii) there are no reasonable accommodations that would allow the employee to perform the essential functions of the position. CarDon and the employee shall engage in the interactive process to the extent necessary to identify the employee's qualifications and interests. CarDon shall develop and implement a policy and procedure relating to the transfer to a vacant position accommodation contemplated by this section, and this policy and procedure shall provide a

mechanism by which the employee has an identified management-level resource within CarDon to review vacant positions at facilities chosen or identified by the employee, the employee's qualifications, and the employee's ability to perform the essential functions of such positions with or without additional reasonable accommodations, and through which CarDon ensures that its operations-level employees are made aware of CarDon's obligations and the employee's rights under this section and the ADA, including the employee's right to a transfer to a vacant position provided that the employee is otherwise qualified for the position and can perform the position's essential functions with or without a reasonable accommodation, regardless of the qualifications of other applicants.

    3.2.4. Vacant Positions.

        3.2.4.1.  Vacant positions are those positions available: (i) at the time CarDon and the employee determine, under Section 3.2.3, that no reasonable accommodation other than transfer is available; and (ii) thereafter and continuing until 60 days later; provided however that vacant positions do not include positions that require certifications, licenses, or other specialized training the employee does not possess at the time transfer is being sought. A position is no longer vacant, and may be filed by CarDon without restriction, when the employee does not identify the position as one to which the employee is seeking transfer as described in Section 3.2.4.2; provided however that if the employee later identifies a previously passed on position as a desirable transfer

6

opportunity, such position shall again be deemed a vacant position, provided that it remains an open position.

   3.2.4.2. In the policy and procedure required under Section 3.2.3, CarDon shall establish a process by which (a) CarDon and the employee, with the assistance from CarDon that may be requested by the employee, identify the vacant positions as defined and for the duration set forth in Section 3.2.4.1; (b) the employee is provided a reasonable period of time of at least five business days to identify those vacant positions to which the employee is seeking a potential transfer; and (c) CarDon's operations level employees do not fill such employee-identified positions until CarDon and the employee have determined whether or not the employee can perform the essential functions of the employee-identified positions with or without reasonable accommodation, which CarDon acknowledges may require the employee to consult with the employee's treating physician. If more than one position is vacant, CarDon and the employee shall continue to engage in the interactive process to identify the most appropriate position; that is, the position that comes closest to the employee's current position in terms of factors such as pay, benefits, and responsibilities.

   3.2.4.3. If CarDon and the employee are unable to agree that the employee is qualified for the position, CarDon and the employee shall elevate the matter to CarDon's Chief Human Resources Officer, or equivalent position, who shall review the employee's qualifications and the position's essential functions, as well as any specific accommodations that may allow the employee

7

to perform the position's essential functions. The Chief Human Resources Officer may gather any additional information deemed appropriate, including information from the employee or from CarDon's operations employees, in evaluating the proposed transfer as a reasonable accommodation. At all times the decision to grant or deny the employee's request for transfer to a vacant position as a reasonable accommodation is solely CarDon's. If CarDon decides that the employee's request for transfer will be denied, CarDon shall document the reasons for its determination that the employee is not qualified to perform the employee-identified positions, with or without reasonable accommodation.

       3.2.5. Employee's Status While Awaiting Transfer. An employee awaiting transfer to a vacant position as a reasonable accommodation is entitled to the same terms, conditions, and privileges of employment as non-disabled employees. And CarDon shall continue to offer the same benefits to the employee while the employee awaits transfer as it offered before determining transfer was the only reasonable accommodation.

**3.3.    Training**
CarDon shall ensure that its corporate level human resource employees, its building-level administrators, and regional human resource representatives receive training on the proper implementation of the policies and procedures adopted under Section 3.2 and the Commission's Enforcement Guidance on Reasonable Accommodation and Undue Hardship Under the Americans with Disabilities Act. The training shall occur annually during the term of this Decree and each session shall be at least one hour in duration. CarDon shall

ensure that any agent, officer, or employee who gains responsibility for these policies or programs attends similar training within a month of obtaining such responsibility. All costs associated with training shall be borne by CarDon. CarDon shall retain the agenda, written materials, and a list of attendees from each training.

**3.4. Notice**
3.4.1. General Notice. CarDon shall post the Notice of Non-Discrimination Policy attached as Appendix A to this Decree in areas such that it is accessible to all its employees throughout the term of this Decree. If any copy of this general notice becomes defaced or unreadable, CarDon shall replace it immediately.

3.4.2. Specific Notice. CarDon shall provide the Transfer as a Reasonable Accommodation Notice attached as Appendix B to this Decree to every employee with a disability that prevents the employee from performing the essential functions of the employee's job, with or without accommodation. CarDon shall provide such notice upon determining that no reasonable accommodation is available that would allow the employee to remain in the employee's existing position without causing CarDon an undue hardship.

**3.5. Reporting**
3.5.1. Within fourteen days after entry of this Decree, CarDon shall certify its compliance with Sections 2.2, 2.5, and 3.4.1.

3.5.2. CarDon shall provide its policies and procedures developed under Section 3.2 to the Commission no fewer than fourteen days before

implementation. If at any time during the term of this Decree CarDon desires to change such policies and procedures, it shall submit the changes to the Commission no fewer than fourteen days before implementation.

    3.5.3. If CarDon terminates an employee with a disability that prevents the employee from performing the essential functions of the employee's job, with or without accommodation, during the term of this Decree, CarDon shall report to the Commission the employee's name, former position, last known contact information, an explanation why the employee was not transferred to a vacant position, a list of all positions identified by the employee as potential transfer options, a certification that CarDon has complied with Section 3.2.4 with respect to the employee, and the reason(s) identified by the Chief Human Resources Officer, as set forth in Section 3.2.4.3, for not transferring the employee. Such report shall be provided to the Commission within fourteen days of the employee's termination.

    3.5.4. Annual Report. On or before October 31 of each year during the term of this Decree, CarDon shall provide the Commission with an annual report.

        3.5.4.1.  As part of each annual report, CarDon shall certify that it is in compliance with all of its obligations under the Decree.

        3.5.4.2.  CarDon shall include with the report copies of all training documents required to be retained under Section 3.3 for training offered since the later of the entry of this Decree or the previous annual report.

3.5.5. Final Report. No later than two months before the end of the term of this Decree, CarDon shall provide the Commission with a final report. In the final report, Cardon shall certify that it is in compliance with all of its obligations under this Decree and provide all documentation since the previous report required under Section 3.5.4.2.

## 4. Enforcement

### 4.1. Compliance

The Commission is authorized to review compliance with this Decree. As part of its review, the Commission may, with reasonable advance notice to CarDon, interview employees and examine and copy documents.

### 4.2. Informal Dispute Resolution

In the event the Commission alleges that a violation of this Decree has occurred, the Commission will give notice in writing by certified mail, specifically identifying the alleged violation to CarDon, with a copy to its counsel. CarDon shall respond to the allegation within fourteen days. After CarDon responds, the parties shall have a period of fourteen days, or such additional period as may be agreed to by them, in which to negotiate and confer regarding the Commission's allegation.

### 4.3. Judicial Dispute Resolution

If the Commission is unable to obtain relief under Section 4.2, it may initiate contempt proceedings with the Court. If the Court finds CarDon has failed to perform a duty under this Decree, then, in addition to any other relief

ordered, the Court may in its discretion award the Commission attorney fees and costs incurred in obtaining CarDon's compliance.

## 5. Miscellaneous Provisions

### 5.1. Jurisdiction

The Court will retain jurisdiction of this cause throughout the duration of this Decree for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

### 5.2. Costs and Attorneys' Fees

The parties shall each bear their own costs and attorneys' fees, except as set forth in Section 4.3.

### 5.3. Delivery of Required Certifications and Reports

Each report and certification required by this Decree shall be emailed to [monitoring-EEOC-INDO@eeoc.gov](mailto:monitoring-EEOC-INDO@eeoc.gov).

### 5.4. Amendment

This Consent Decree may only be amended by the Court.

### 5.5. Decree Binding on Successor

In the event CarDon engages in a potential change-in-control transaction with an unaffiliated party or parties, CarDon shall notify all potential buyers and bidders of this Decree and its terms. The notice shall include a copy of this Decree, personally served by CarDon. The terms of this Decree are and shall be binding upon the present and future owners, officers, directors, employees, creditors, agents, trustees, administrators, successors, representatives, and assigns of CarDon.

SO ORDERED.

Date: 3/25/2022

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution to all counsel of record via CM/ECF.

SO ORDERED.

Date: 3/25/2022

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution to all counsel of record via CM/ECF.

## Appendix A

## Employee Notice

This Notice is posted as part of the resolution of an employment discrimination lawsuit filed by the United States Equal Employment Opportunity Commission that alleged CarDon failed to provide a reasonable accommodation of transfer to a vacant position to an employee whose disabilities prevented her from performing the essential functions of her existing position. CarDon denied the lawsuit's allegations. CarDon takes compliance with all employment laws seriously and is an equal opportunity employer.

Federal law requires that there be no discrimination against any employee or applicant for employment because of the individual's sex, pregnancy, race, color, religion, national origin, age (over 40), disability, or genetic information.

Federal law also prohibits retaliation of any kind against any person who has opposed any practice made unlawful under federal law or because an individual has filed a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing.

If you have any complaints of discrimination, you may contact the Commission at the address or telephone number given below. An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact the U. S. Equal Employment Opportunity Commission for the purpose of filing a charge of employment discrimination.

**Questions concerning this notice may be addressed to:**

**Equal Employment Opportunity Commission**
**101 W. Ohio St., Suite 1900**
**Indianapolis, Indiana 46204-4203**
**Telephone:  (463) 999-1120**
**EEOC 800 # 1-800-669-4000**
**TTY (800) 669-6820 | ASL Video Phone (844) 234-5122**

## Appendix B

# Employee's Notice
## Transfer as a Reasonable Accommodation

You are being provided this notice to ensure you are aware of your rights under the Americans with Disabilities Act of 1990. The ADA requires employers to provide reasonable accommodation to a qualified employee with a disability if the employee's disability prevents the employee from performing the essential functions of the employee's position. Among other things, the ADA identifies transfer to a vacant position for which the employee is qualified as a reasonable accommodation.

A position is vacant if it is available: (i) at the time CarDon and you determine that no reasonable accommodation other than transfer is available; and (ii) thereafter and continuing until 60 days later, unless you choose not to pursue transfer to that position. You must cooperate with CarDon to identify positions for which you are qualified, and CarDon must cooperate with you.

Additional information on CarDon's policies and procedures for transfers to vacant position as a reasonable accommodation may be obtained through the regional human resource representatives or the corporate office.

Additional information about the ADA and transfer is available from the Equal Employment Opportunity Commission's website, www.eeoc.gov. You may also contact the EEOC:

Equal Employment Opportunity Commission
101 W. Ohio St., Suite 1900
Indianapolis, Indiana 46204-4203
Telephone:  (463) 999-1120
EEOC 800 # 1-800-669-4000
TTY (800) 669-6820 | ASL Video Phone (844) 234-5122